Terrance J. Slominski, OSB# 81376
David W. Venables, OSB#081291
7150 SW Hampton, Suite 201
Tigard, OR 97223
Telephone    (503) 968-2505
Facsimile    (503) 684-7950
Email    tjslominski@yahoo.com
Email:    venables.slominski.law@gmail.com

FILED 11 AUG '11 09:11 USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **RODNEY D. OLMSTEAD AND TRACY L. OLMSTEAD,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**RECONTRUST COMPANY, N.A., a California-headquartered National Association and BAC HOME LOANS SERVICING, LP, a Texas Limited Partnership.**<br><br>**Defendants.** | No. **CV '11    964    HA**<br><br>**COMPLAINT**<br><br>BREACH OF CONTRACT AND DECLARATORY RELIEF<br><br>**(28 U.S.C. § 1332)**<br><br>(JURY TRIAL DEMANDED) |

For their Complaint, Plaintiffs allege:

## JURISDICTION AND VENUE

1.    This is an action for breach of contract and declaratory relief. Jurisdiction is under diversity, 28 USC §1332.

2.    The matter in controversy exceeds $75,000.

3.    The conduct of Defendants occurred within the state of Oregon.

Page 1 -    **COMPLAINT**

42085

## PARTIES

4.    Plaintiffs are residents of Hood River, Oregon.

5.    Defendant ReconTrust, NA is a California-headquarter national association acting within the state of Oregon as a trustee and debt collector.  On information and belief ReconTrust claims to be a trustee and, as such, is a necessary party under ORS 86.790 .

6.    Defendant BAC Home Loan Servicing, LP is a Texas limited partnership, doing business within the state of Oregon as a mortgage lender and servicer.

## FACTUAL ALLEGATIONS

7.    On or about January, 17, 2007, Plaintiffs gave a note to Wilmington Finance, Inc. along with a Deed of Trust securing the note with Plaintiff's home and property located at 3555 Broken Tee Drive, Hood River, OR 97031 with the following legal description:

Lot 3, Indian Creek Meadows, In the County of Hood River and State of Oregon

8.    The Deed of Trust recites that the lender is Wilmington Finance, Inc., the trustee is Amerititle, and the borrowers are Plaintiffs.  The deed of trust also names Mortgage Electronic Registration Systems, Inc. as the beneficiary.

9.    The Deed of Trust recites that the Deed of Trust secures to Lender, who was Wilmington Finance, Inc., the repayment of the Loan and the borrowers' covenants and agreements under the Trust Deed and the Note.

10.    On or about October 2009, Plaintiffs, who were current on their mortgage, were contacted by Wilshire Credit, their prior loan servicer, about getting a loan modification.

11.    On or about October 2009, Plaintiffs entered into a modification agreement whereby Plaintiffs would make three trial period payments and they would receive a modification.

12.    Plaintiffs made the three trial period payments of $2265.16 and continued to make those payments, as they were directed to do by Wilshire.

Page 2 -    **COMPLAINT**

SLOMINSKI & ASSOCIATES
*Attorneys at Law*
7150 SW Hampton, Suite 201
Tigard OR 97223
503-968-2505

13.    In March 2010, Defendant BAC Home Loans Servicing began servicing Plaintiffs' loan.

14.    On Plaintiffs' Bank of America online banking account, the workout status of Plaintiffs' modification was "approved" and it further stated that Plaintiffs" should not call back before 5/10/2010 as that may delay the process." Plaintiffs believed the modification was approved and did not contact BAC per BAC's instructions before May 10, 2010.

15.    Additionally, Plaintiffs' monthly Bank of America statements directed Plaintiffs to "make your monthly payments at the trial period monthly payment amount, which is $2265.16 instead of the amount shown on this statement." Plaintiffs continued to make this payment amount.

16.    Plaintiffs continued to make the $2265.16 amount until October 2010, when the payment was rejected by BAC.

17.    On or about October 15, 2010, an Appointment of Successor Trustee document was recorded. The document fails to state the who the apparent successor trustee is.

18.    On or about October 15, 2010, an Assignment of Deed of Trust was recorded in the Hood River county records. The Assignment document states that "For Valuable Consideration, the undersigned, Mortgage Electronic Registration Systems, Inc., as Beneficiary, hereby grants, conveys, assigns, and transfers to U.S. Bank, National Association , as Trustee for the Holders of the Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-BC2, C/O BAC Home Loans Servicing, LP, 400 Countrywide Way SV-35, Simi Valley, CA 93065, all beneficial interest under that certain Deed of Trust."

19.    On or about April 7, 2011, a Notice of Default was recorded in the county records. The Notice purports to have been signed by Marisol Justice, Authorized Signer of ReconTrust Company, NA on April 4, 2011; on April 4, 2011, ReconTrust was not the trustee of record.

20.    On or about April 7, 2011, an Appointment of Successor Trustee document was filed in the county records. That document purports to appoint ReconTrust Company,

**COMPLAINT**

SLOMINSKI & ASSOCIATES
*Attorneys at Law*
7150 SW Hampton, Suite 201
Tigard OR 97223
503-968-2505

NA, as the successor trustee.

21.   As of the date of the filing of this complaint, Defendants are advertising that they are conducting a trustee's sale of Plaintiffs' property on August 15, 2011.

22.   Plaintiffs are not in default under the terms of the note and deed of trust or, in the alternative, any technical default by Plaintiffs was waived by the acts and statements of Defendants and Defendants should be estopped from asserting such defaults.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT
### (Against BAC Home Loan Servicing)

23.   Plaintiffs reallege paragraphs 1-22.

24.   The Deed of Trust provides that lender "May invoke the power of sale and any other remedies permitted by Applicable Law."

25.   Defendant claims to be a party to the Deed of Trust that it purports to be foreclosing.

26.   Defendant breached its duty to Plaintiff by failing to comply with the Oregon Trust Deed Act while pursuing the remedy of foreclosure, which it was not entitled to foreclose, thereby violating the terms of the Deed of Trust.

27.   Plaintiffs are entitled to recover their attorneys fees incurred in this case pursuant to the terms of the Deed of Trust and ORS 20.096.

28.   Defendant and Plaintiff's were aware and understood that if defendant wrongfully initiated a foreclosure of Plaintiffs' home, Plaintiffs reputation would be injured.  As a direct and proximate result of the wrongful foreclosure initiated by defendant, Plaintiffs have suffered injury to their reputation and credit in an amount not less than $50,000 each.

## SECOND CLAIM FOR RELIEF
## DECLARATORY RELIEF
### (Against ALL Defendants)

29.   Plaintiffs reallege paragraphs 1-28.

30.   The upcoming foreclosure sale of Plaintiffs' property is invalid for the following reasons:

Page 4 -    **COMPLAINT**

SLOMINSKI & ASSOCIATES
*Attorneys at Law*
7150 SW Hampton, Suite 201
Tigard OR 97223
503-968-2505

**A.** The mortgage is not a Deed of Trust in compliance with ORS 86.705 - 86.795 and may not be foreclosed by a non-judicial foreclosure because it purports to name MERS as a beneficiary in addition to the lender who was the facial and factual beneficiary under the loan secured by the mortgage.

**B.** On information and belief, the beneficiary of record is not the current note holder and there have been unrecorded assignments of beneficial interest which were not recorded in the county records before the trustee sale as required by ORS 86.735.

**C.** Because Plaintiffs were told they were in a modification and to continue to make payments, at the time the Defendants' exercised the power of sale, no present default existed which would authorize the foreclosure.

31. On information and belief, Defendants deny Plaintiffs' contention.

32. Plaintiffs lack an adequate remedy at law.

33. A judiciable controversy exists and the court should determine the rights of the parties by declaring that the upcoming foreclosure sale scheduled for August 15, 2011, and any subsequent postponements as void.

///
///
///
///
///
///
///
///
///
///
///

Page 5 -    **COMPLAINT**

**SLOMINSKI & ASSOCIATES**
*Attorneys at Law*
7150 SW Hampton, Suite 201
Tigard OR 97223
503-968-2505

34.    **DEMAND FOR JURY TRIAL:**    Plaintiffs demand a jury trial.

**WHEREFORE, Plaintiffs pray for a Judgment as follows:**

1.    First Claim for Relief -Breach of Contract:

    A.    Plaintiffs' attorney fees and costs and disbursements incurred herein,

    B.    Damages in the amount of approximately $100,000.

2.    Second Claim for Relief - Declaratory Relief:

    A.    A judgment declaring that the trustee sale, and any subsequent postponements are void.

    B.    Such other equitable relief that the court deems  proper.


DATED this _____ day of August, 2011.

                                 SLOMINSKI AND ASSOCIATES

                                 Terrance J. Slominski, OSB# 81376
                                 7150 SW Hampton St. Ste 201
                                 Tigard, OR 97223
                                 Phone: (503) 968-2505
                                 Fax: (503) 684-7950
                                 Email: TJ Slominski@yahoo.com
                                 Attorney for Plaintiff
                                 Trial Attorney: Same

**SLOMINSKI & ASSOCIATES**
*Attorneys at Law*
7150 SW Hampton, Suite 201
Tigard OR 97223
503-968-2505