UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RODNEY D. OLMSTEAD and TRACY L. OLMSTEAD, | Case No. 3:11-CV-964-HA |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| RECONTRUST COMPANY, N.A., a California-headquartered National Association, and BAC HOME LOANS SERVICING, LP, a Texas Limited Partnership, | |
| Defendants. | |

HAGGERTY, District Judge:

Plaintiffs own a home in Hood River, Oregon that is currently scheduled for a trustee's sale. Plaintiffs filed suit against defendants BAC Home Loans Servicing, LP[1] (BAC) and ReconTrust Company, N.A. (ReconTrust) for breach of contract and declaratory relief. Defendants seek dismissal of plaintiffs' Complaint on the grounds that plaintiffs cannot state a

---

[1] Bank of America, N.A. is the successor by merger to BAC, but will be referred to as BAC in this order for the benefit of the reader.

1 - OPINION AND ORDER

claim for breach of contract and no actionable controversy supports plaintiffs' request for declaratory relief. The court held oral argument on this motion on January 30, 2012. For the following reasons, defendants' Motion to Dismiss [9] is GRANTED IN PART AND DENIED IN PART.

## STANDARDS

Under the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement of the plaintiff's claims showing that he or she is entitled to relief. Fed. R. Civ. P. 8(a). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). When considering a motion to dismiss under this rule, the court must determine whether the plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Dismissal under Rule 12(b)(6) is proper only where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

The reviewing court must treat all facts alleged in the complaint as true and resolve all doubts in favor of the nonmoving party. *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1098 n.1 (9th Cir. 2009) (citation omitted). The court need not accept any legal conclusions set forth in a plaintiff's pleading. *Ashcroft*, 129 S. Ct. at 1949-50.

## FACTUAL ALLEGATIONS

In accordance with these standards, the following facts are taken from plaintiffs' Complaint, accepted as true, and construed in a light most favorable to plaintiffs.

2 - OPINION AND ORDER

In 2007, plaintiffs refinanced their home in Hood River, Oregon. They executed a note for $335,000 to Wilmington Finance, Inc. along with a Deed of Trust (DOT) securing the note with the property. The DOT lists Wilmington Finance, Inc. as the lender, Amerititle as the trustee, plaintiffs as the borrowers, and Mortgage Electronic Registration Systems (MERS) as the beneficiary.

In October 2009, plaintiffs' loan servicer, Wilshire Credit, contacted plaintiffs about a possible loan modification. Plaintiffs were current on their mortgage at that time. The loan modification agreement provided that if plaintiffs made three trial period payments at the reduced amount of $2,265.16, the modification would be accepted. Plaintiffs made those payments as directed.

Five months later, defendant BAC began servicing plaintiffs' mortgage. Plaintiffs continued to make their monthly mortgage payments to BAC at the trial period amount. In their monthly statements, BAC directed plaintiffs to make their monthly payments at the reduced amount and not at the original amount listed on the statement. When plaintiffs reviewed their online account with BAC, the website indicated that their modification had been "approved [and plaintiffs] should not call back before 5/10/2010 as that may delay the process." Plaintiffs did not contact BAC, and continued to make their monthly payments at the reduced amount.

In October 2010, BAC rejected plaintiff's mortgage payment for the first time. Around the same time, defendants recorded an Appointment of Successor Trustee and an Assignment of Deed of Trust in the Hood River County records. The Appointment of Successor Trustee did not name a successor trustee. The Assignment of Deed of Trust transferred all of MERS's beneficial interest in the DOT to U.S. Bank.

3 - OPINION AND ORDER

On April 4, 2011, ReconTrust signed a Notice of Default as to plaintiffs' mortgage. The Notice of Default was subsequently recorded in the county records on April 7, 2011. That same day, defendants recorded a second Appointment of Successor Trustee in the county records appointing ReconTrust as the successor trustee. Defendants then advertised a trustee's sale of plaintiffs' property.

Plaintiffs continue to live in their home at this time. They have not made any payments to BAC since October 2010.

**DISCUSSION**

Plaintiffs contend that they are not in default under the terms of the note or the DOT. Plaintiffs contend that BAC failed to comply with the Oregon Trust Deed Act while pursuing foreclosure and breached its duty under the DOT. Plaintiffs also seek a declaratory judgment that their DOT violates Oregon Revised Statute (ORS) 86.705-.795 because MERS was improperly named as a beneficiary, the assignments of beneficial interest were not recorded, and no present default exists based on the loan modification agreement.

    **1.**    **Judicial Notice**

As an initial matter, defendants ask the court to take judicial notice of the DOT in the amount of $335,000 that secures plaintiff's property, the Assignment of Deed of Trust, and the Appointment of Successor Trustee.[2] This court generally may not consider material outside of

---

[2] Defendants' original Request for Judicial Notice only asked the court to take judicial notice of the DOT even though defendants cited to additional exhibits in their briefing. Following the court's inquiry regarding the additional documents, defendants moved to supplement the record. The court granted defendants' motion because plaintiffs did not oppose defendants' request, and it appeared that defendants' failure to attach the Assignment of Deed of Trust and Appointment of Successor Trustee to the original request was inadvertent.

the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011) (citations omitted). However, this court may take judicial notice of evidence that is not subject to reasonable dispute. *Id.* at 999; *see also MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (holding that the district court may take "judicial notice of matters of public record outside the pleadings" when deciding a Rule 12(b)(6) motion).

Federal Rule of Evidence 201 gives the court the power to take judicial notice of facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Public records are appropriate subjects for judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

The DOT is a public document that was recorded in Hood River County under Recorder No. 2007-00227. Miner Decl. at Ex. A. The Assignment of Deed of Trust was recorded in Hood River County on October 15, 2010 with Recorder No. 2010-03556, and the Appointment of Successor Trustee was recorded on April 7, 2011 with Recorder No. 2011-01025. Second Miner Decl. at Ex. A, B. As public records, these documents are easily verifiable and their accuracy cannot reasonably be questioned  Accordingly, the court grants defendants' Request for Judicial Notice [12] and Supplemental Request for Judicial Notice [22].

### 2. Breach of Contract

Plaintiffs' First Claim for Relief asserts breach of contract against BAC based upon the provision in the DOT that requires foreclosures to be conducted according to applicable law, which plaintiffs contend is the Oregon Trust Deed Act. To properly state a claim for breach of

5 - OPINION AND ORDER

contract under Oregon law, plaintiffs must allege (1) the existence of a contract, (2) the relevant terms of the contract, (3) plaintiffs' full performance and lack of breach, and (4) defendant's breach resulting in damage to plaintiffs. *Slover v. Or. State Bd. of Clinical Social Workers*, 927 P.2d 1098, 1101-02 (Or. Ct. App. 1996).

Plaintiffs clarified during oral argument that their breach of contract claim is solely based on the DOT.[3] Plaintiffs contend that BAC breached its contractual obligation in the DOT to comply with the Oregon Trust Deed Act while pursuing a non-judicial foreclosure. Compl. at ¶¶ 23-28. Plaintiffs allege that BAC lacked the authority to foreclose on the DOT because plaintiffs were not in default when BAC sought that remedy. *Id.*

Following plaintiffs' concession during oral argument that they do not allege a breach of the loan modification agreement, the parties seem to agree that plaintiffs have pled the existence of a contract, its relevant terms, defendant's breach, and damages flowing from the breach. The remaining issues are whether plaintiffs have fully performed under the DOT, and whether the loan modification offered by Wilshire Credit became binding on BAC such that plaintiffs were not in default when the foreclosure proceedings began. At this stage in the proceeding, plaintiffs have pled enough facts to survive dismissal.

Defendants admitted during oral argument that BAC, as the successor of Wilshire Credit, could be bound by the loan modification offered by its predecessor. Moreover, plaintiffs have alleged that BAC directed them in writing to submit their monthly mortgage payments at the reduced amount, and that BAC accepted those payments until October 2010. Plaintiffs also pled

---

[3] Because plaintiffs have abandoned any claim for breach of contract based on the loan modification agreement itself, this court need not discuss the parties' arguments regarding the adequacy of consideration for the modification or the Statute of Frauds.

6 - OPINION AND ORDER

that BAC notified them through their online account that their mortgage was current under the modified terms.

Defendants contend, however, that plaintiffs' failure to tender payments between November 2010 and April 2011 constitutes a breach under the DOT that defeats their own breach of contract claim. This court disagrees. Although plaintiffs stopped submitting their mortgage payments after October 2010, plaintiffs allege that BAC refused to accept payments and returned the October 2010 payment to plaintiffs. Plaintiffs argued that making additional payments would have been futile because BAC would have rejected any subsequent payment. It is unlikely that BAC initiated foreclosure proceedings on plaintiffs' property based solely on plaintiffs' failure to make payments after October 2010. The court finds it more probable, based on BAC's rejection of the October 2010 payment, that the foreclosure process was triggered by plaintiffs' reduced payments between October 2009 and October 2010. Additionally, plaintiffs explained at oral argument that BAC previously initiated foreclosure proceedings in October 2010 that were later withdrawn. This court will not fault plaintiffs for pleading that they ceased making payments after BAC rejected their payments. Plaintiffs have sufficiently pled that they were not in default, and have stated a claim for breach of contract against BAC.

    3.    **Declaratory Relief**

Plaintiffs seek a declaration that the foreclosure sale of their property is invalid because the DOT names MERS as the beneficiary, U.S. Bank is not the current note-holder, beneficial interests were not properly recorded before defendants scheduled the trustee sale, and plaintiffs were not in default when defendants sought to foreclose on the property. To maintain a declaratory judgment action, the parties must have adverse interests and a decision must affect

7 - OPINION AND ORDER

the rights of the party bringing the action. *Shineovich v. Kemp*, 214 P.3d 29, 35 (Or. Ct. App. 2009) (citations omitted). Plaintiffs' allegations are addressed in turn.

Although some disagreement exists in this District as to the legal effect of naming MERS as the beneficiary in a deed, the weight of authority favors defendants' position. *See, e.g.*, *Beyer v. Bank of Am.*, 800 F. Supp. 2d 1157, 1160-62 (D. Or. 2011) (discussing the role of MERS in the mortgage industry and holding that MERS was a proper beneficiary under Oregon law); *Crowden v. Fed. Nat'l Mortg. Ass'n*, No. 3:11–CV–1083–HZ, 2011 WL 6740741, *8-9 (D. Or. Dec. 22, 2011) (rejecting homeowner's argument that MERS lacked the authority to invoke the power of sale because it was not an actual beneficiary); *Bertrand v. Suntrust Mortg., Inc.*, Civil No. 09-857-JO, 2011 WL 1113421, *3-4 (D. Or. Mar. 23, 2011) (finding that the trust deed granted MERS the power to initiate foreclosure and rejecting homeowners' challenge to the foreclosure sale based on MERS's involvement); *Burgett v. Mortg. Elec. Registration Sys., Inc.*, No. 09-6244-HO, 2010 WL 4282105, *2-3 (D. Or. Oct. 20, 2010) (same); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) (noting that MERS's role as a beneficiary is not at issue unless MERS tries to initiate a foreclosure in its own name).

Like the deeds at issue in *Beyer* and *Bertrand*, plaintiffs' DOT designates MERS as "the beneficiary under this Security Instrument" that is "acting solely as a nominee for Lender and Lender's successors and assigns." Miner Decl., Ex A at 1. Additionally, the DOT provides that:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but no [sic] limited to, the right to foreclose and sell the Property; . . .

*Id.* at 3.

8 - OPINION AND ORDER

When confronted with identical language in the deed at issue in *Beyer*, Judge Mosman determined that MERS was both the named and designated beneficiary under the deed. *Beyer*, 800 F. Supp. 2d at 1160-61. The court analyzed the text and context of ORS 86.705, as well as the express language of the deed. *Id.* at 1161-62. The court concluded that the deed granted MERS the right to exercise all rights and interests of the lender, which included both the right to foreclose on the property and the right to receive payment as necessary to comply with law and custom. *Id.* Accordingly, the court held that MERS was a proper beneficiary under Oregon law and the terms of the trust deed. *Id.* at 1162.

Plaintiffs rely instead on *Hooker v. Northwest Trustee Services, Inc.*, Civ. No. 10–3111–PA, 2011 WL 2119103 (D. Or. May 25, 2011), and *In re McCoy*, 446 B.R. 453 (Bankr. D. Or. 2011). In *Hooker*, Judge Panner explained that the lender, not MERS, was the actual beneficiary under the trust deed because MERS could not take any actions on its own behalf and was only an agent of the lender. *Hooker*, 2011 WL 2119103 at *3. Judge Panner noted, however, that a trust deed's designation of MERS as the nominal beneficiary did not necessarily invalidate a non-judicial foreclosure unless the proceeding failed to comply with applicable law. *Id.*; *see also In re McCoy*, 446 B.R. at 457 (noting that MERS's right, as the lender's nominee, to seek non-judicial foreclosure was limited by ORS 86.735). Accordingly, the mere fact that MERS was named as the beneficiary in the DOT does not invalidate the DOT or negate the trustee's ability to seek non-judicial foreclosure if it complies with the statutory requirements.

Second, plaintiffs assert that the foreclosure was improper because "the beneficiary of record is not the current note holder." Compl. at ¶ 30. Plaintiffs contend that ORS 86.705 requires that the "beneficiary of record be the beneficiary," but otherwise fail to articulate their

9 - OPINION AND ORDER

claim. *See* Pls.' Resp. at 13. To the extent that plaintiffs' claim is based upon U.S. Bank's inability to produce the note, this claim is rejected. *See Beyer*, 800 F. Supp. 2d at 1159 (holding that the Oregon Trust Deed Act does not require presentment of the promissory note); *Clark v. Countrywide Home Loans, Inc.*, 732 F. Supp. 2d 1038, 1043 (E.D. Cal. 2010) (explaining that the produce-the-note theory "is a wholly discredited legal theory serially advanced in mortgage fraud cases"). Additionally, plaintiffs cannot state a claim based on the argument that the DOT became void when it was separated from the note. *Beyer*, 800 F. Supp. 2d at 1159 (noting that Oregon law permits a foreclosure even though the note and the deed of trust had been separated and later rejoined).

      The court also rejects plaintiffs' contention that the Notice of Default filed by ReconTrust was invalid because it was filed before ReconTrust was made the trustee. The Appointment of Successor Trustee makes clear that ReconTrust was appointed as successor trustee on April 4, 2011; the same day that ReconTrust signed the Notice of Default. *See* Second Miner Decl. at Ex. B; Compl. at ¶19. Even though the Appointment of Successor Trustee was not recorded until April 7, 2011, Oregon law does not require that the appointment be recorded before the successor trustee executes the notice of default. ORS 86.790(3) ("If the appointment of the successor trustee is recorded in the mortgage records of the county or counties in which the trust deed is recorded, the successor trustee shall be vested with all the powers of the original trustee."); *Crowden*, 2011 WL 6740741 at *6 ("Simply because ORS 86.790(3) provides that a successor trustee's powers vest when its appointment as successor trustee is recorded, it does not necessarily follow that the successor trustee's powers vest only after the appointment has been recorded.").

10 - OPINION AND ORDER

Finally, plaintiffs seek a declaratory judgment that they were not in default when defendants sought to foreclose on plaintiff's property, and that defendants failed to comply with the statutory recording requirements before initiating non-judicial foreclosure. As discussed previously, plaintiffs have pled that they were offered a loan modification while they were current on their loan, accepted the modification by submitting reduced mortgage payments as directed, and that those payments were accepted by BAC until October 2010. They allege that they never defaulted on their loan because they complied with the terms of the loan modification until BAC rejected their October 2010 payment. These factual allegations are sufficient to state a claim.

Plaintiffs have also pled that some assignments of the DOT were not properly recorded prior to defendants initiating non-judicial foreclosure in violation of ORS 86.735. Compl. at ¶ 30; Pls.' Resp. at 13. Oregon law requires that *any* assignments of the beneficial interest in a trust deed be recorded prior to initiating a non-judicial foreclosure. *Hooker*, 2011 WL 2119103, at *3-4; ORS 86.735(1); *see also Barnett v. BAC Home Loan Servicing, L.P.*, 772 F. Supp. 2d 1328, 1335-36 (D. Or. 2011). Assuming that plaintiffs' allegations are true, as I must, this claim also survives dismissal.

## **CONCLUSION**

For the reasons provided, defendants' Motion to Dismiss [9] is GRANTED IN PART AND DENIED IN PART. Defendants' motion is denied as to plaintiffs' claim for breach of contract, and for declaratory relief based on whether plaintiffs were in default when defendants initiated foreclosure proceedings and whether all assignments of the DOT were properly recorded

prior to non-judicial foreclosure. Plaintiffs' remaining claims are dismissed without prejudice.

Defendants' responsive pleading is due twenty (20) days after the date of this Opinion and Order.

    IT IS SO ORDERED.

    DATED this 9th day of February, 2012.

                                    /s/ Ancer L. Haggerty
                                        Ancer L. Haggerty
                               United States District Judge